IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-40-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| TECARLOS DERILLE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on petitioner's motion for sentence credit, on the basis of Setser v. United States, 132 S.Ct. 1463 (2012), and United States Sentencing Guidelines Amendment 776.

Setser held that a federal sentencing court has the authority to order that a federal term of imprisonment to run concurrent with, or consecutive to, an anticipated but not yet imposed state sentence. See 132 S.Ct. at 1468. In response to this decision, the United States Sentencing Commission amended the Commentary at USSG §5G1.3 (Amendment 776, effective November 1, 2013) in order to provide "heightened awareness" of the court's discretion pursuant to Setser. As a result, USSG §5G1.3 (Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment) provides the court with guidance on when and how to provide a defendant with credit for an undischarged term of imprisonment or anticipated state sentence that is considered relevant conduct pursuant to USSG §1B1.3(a)(1), (a)(2), or (a)(3), when imposing a sentence for the instant federal offense.

On February 18, 2003, defendant committed the offenses of Possession With the Intent to Sell and Deliver Cocaine, Selling Cocaine, and Delivering Cocaine (03CRS5125). See PSR ¶15. He was arrested for these offenses by state authorities on March 13, 2003, and later convicted on June 11, 2003, in New Hanover County Superior Court, Wilmington, North Carolina. See id. Defendant was sentenced to 12 to 15 months custody, which was suspended for 24 months probation. On October 16, 2003, Smith committed the instant federal offenses of Possession With Intent to Distribute More Than 5 Grams of Cocaine Base and Possession of a Firearm in Furtherance of a Drug Trafficking Crime for which he was convicted on June 20, 2005. As a result of the defendant's arrest for the instant offense, his state probation was revoked on January 20, 2004, and he was ordered to serve 12 to 15 months in the custody of the North Carolina Department of Correction. Smith argues that his arrest for the federal instant offense was the primary cause leading to the revocation of his state probationary sentence. As such, he contends it should be considered relevant conduct and that he should be given credit for 16 months imprisonment towards his federal sentence.

The fact that defendant's state probationary sentence was revoked due to his conviction for the instant federal offense does not constitute relevant conduct as defined in USSG §1B1.3. Defendant's state conviction was for conduct committed on February 18, 2003. The underlying conduct for the instant federal offense took place on October 16, 2003, almost eight months removed from the state offense. Therefore, it was not part of the "same course of conduct or common scheme or plan as the offense of conviction," and should not be considered relevant conduct. See USSG §1B1.3. Accordingly, Mr. Smith is not eligible for a reduction in his sentence equivalent to the 16 months imprisonment served as a result of the revocation of his state probationary sentence.

## CONCLUSION

Based on the foregoing, defendant's motion for sentence credit is DENIED.

SO ORDERED, this the 2nd day of September, 2015.

                                                LOUISE W. FLANAGAN
                                                United States District Judge